UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEONARDO MENDOZA QUINONEZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-2563 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER**

This case is before the Court on petitioner Leonardo Mendoza Quinonez's petition for a writ of habeas corpus and respondent William Stephens' motion for summary judgment. Having carefully considered the petition, the motion for summary judgment, and the arguments and authorities submitted by the parties, the Court is of the opinion that respondent's motion should be granted and Quinonez's petition for a writ of habeas corpus should be DENIED.

**I.   Background**

Petitioner Leonardo Mendoza Quinonez was convicted by a jury of three counts of aggravated sexual assault of a child and was sentenced to three consecutive terms of 60 years imprisonment. Texas' First Court of Appeals affirmed the conviction, *Quinonez v. State*, Nos. 01-06-00705-CR, 01-06-00706-CR, 01-06-00707-CR (Tex. App.–Houston [1st Dist.] Dec. 20, 2007), and the Texas Court of Criminal Appeals ("TCCA") refused Quinonez's petition for discretionary review on April 23, 2008. The TCCA subsequently denied Quinonez's state habeas corpus applications. Quinonez filed a federal petition for a writ of habeas corpus, which was dismissed. *Quinonez v. Thaler*, No. 4:09cv491 (S.D. Tex. Feb. 24, 2010).

Quinonez next sought DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. The trial court denied the request, finding that there was no evidence to test. The First Court of Appeals affirmed. *Quinonez v. State*, Nos. 01-10-0927-CR, 01-10-0928-CR, 01-10-0929-

CR (Tex. App.–Houston [1st Dist.] June 16, 2011). The TCCA refused Quinonez's petitions for discretionary review. *In re Quinonez*, PD-1165-11, PD-1166-11, PD-1167-11 (Tex. Crim. App. Jan. 11, 2012). Quinonez filed this federal petition on August 14, 2012.

## II.    Analysis

Quinonez contends that he was denied due process in his article 64 proceedings because the State failed to turn over DNA evidence for testing. Respondent argues that this claim is unexhausted.

In his response, Quinonez tweaks his argument to suggest that he is also entitled to relief because he is actually innocent of the crimes for which he was convicted. As discussed below, whether or not the due process claim is unexhausted, Quinonez is not entitled to relief.

### A.    Chapter 64

Under Texas law, a convicted person may submit to the convicting court a motion requesting DNA testing of evidence containing biological material. TEX. CODE CRIM. P. art. 64.01(a). The convicted person must demonstrate that the evidence "was secured in relation to the offense that is the basis of the challenged conviction and was in possession of the state during the trial of the offense," but that the state has not previously tested it. *Id.*, art. 64.01(b). Additionally, the convicted person must show that the identity of the perpetrator was or is an issue in the case and must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *Id.*, art. 64.03(a)(1)(B), (2)(A). If these requirements are met, the state court may order DNA testing. *Id.*, art. 64.03(b). After examining the results of the testing, the convicting court shall hold a hearing and make a finding as to whether it is reasonably probable that the person would not have been convicted had the results been available during the trial of the offense. *Id.,* art. 64.04.

Federal habeas relief is only available if a petitioner shows he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Any right petitioner may have regarding post-conviction DNA testing arises solely under Texas law and does not raise a

federal constitutional issue. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.1999); *see also Richards v. District Attorney's Office*, 355 F. App'x 826, 826 (5th Cir.2009) (unpublished). Because any claim that the chapter 64 proceeding was defective is based solely on state law, it provides no basis for federal habeas relief.

B.     **Actual Innocence**

To the extent that Quinonez argues that he is entitled to habeas relief because he is actually innocent, his claim is not cognizable. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). This is so because "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Id.*

III.    **Conclusion**

For the foregoing reasons, respondent's motion for summary judgment is granted and Quinonez's petition is dismissed with prejudice.

IV.    **Certificate of Appealability**

Quinonez has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing ruling. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

The Supreme Court has stated that:

> Where a district court has rejected the . . . claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court concludes that reasonable jurists would not find it debatable whether Quinonez's claim is cognizable in a federal habeas corpus petition. The Court therefore concludes that Quinonez is not entitled to a certificate of appealability.

## V. Order

For the foregoing reasons, it is ORDERED as follows:

1. Respondent's motion for summary judgment (Doc. # 9) is GRANTED;

2. Petitioner Leonardo Mendoza Quinonez's Petition for Writ of Habeas Corpus (Doc. # 1) is in all respects DENIED; and

3. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 19th day of August, 2013.

_____
Kenneth M. Hoyt
United States District Judge